UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TERESEA KUENNEN and ALFRED KUENNEN,  Plaintiffs,  v.  STRYKER CORPORATION and STRYKER SALES CORPORATION,  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 12-2051 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Having reviewed defendants' motion to dismiss the Complaint, or in the alternative, to transfer the action to the Western District of Virginia, (Mar. 1, 2013 [ECF No. 10] ("Mot.")), plaintiffs' opposition thereto, (Mar. 29, 2013 [ECF No. 16]), and defendants' reply, (Apr. 5, 2013 [ECF No. 17]), the Court will grant the motion in part and transfer the action to the Western District of Virginia pursuant to 28 U.S.C. § 1404(a).

In reaching this conclusion, the Court notes that this action could have been brought in the Western District of Virginia, since a substantial part of the events giving rise to the claim occurred in Virginia, *see* 28 U.S.C. § 1391(b)(2), and defendants would be subject to personal jurisdiction there.

Second, the Court has considered the relevant private and public interest factors identified in *Nat'l Ass'n of Home Builders v. E.P.A.*, 675 F. Supp. 2d 173, 176 (D.D.C. 2009), and finds that no factor favors this jurisdiction over the Western District of Virginia. Plaintiffs are Virginia residents; their claim arose in Virginia, where the alleged misrepresentations and

1

injury occurred; no party lives in Washington, D.C.; plaintiffs' doctor resides in Virginia; Virginia law will likely govern; and as far as can be determined, no source of proof, including witnesses and documents, is located in Washington, D.C.  (*See* Mot. at 8-9.)

In short, plaintiffs' choice of forum is entitled to little deference since Washington, D.C. has no "meaningful ties to the controversy." *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996); *see also Marshall v. I-Flow, LLC*, 856 F. Supp. 2d 104, 108-09 (D.D.C. 2012) (transferring pain pump litigation from D.C. to New York where neither party had a connection to D.C. besides the manufacturer's general business here); *Packer v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 728 F. Supp. 8, 10-12 (D.D.C. 1989) (transferring case to Virginia where only connection to D.C. was that defendants were incorporated in and maintained corporate offices here).

Moreover, defendant correctly argues that whether this action may be barred by the Virginia statute of limitations is not relevant to deciding whether to transfer a case under § 1404(a).[1]  *See Joyner v. Reno*, 466 F. Supp. 2d 31, 36 (D.D.C. 2006) (noting that the "might have been brought" language of § 1404(a) "does not permit a Court to consider a statute of limitations defense when determining whether transfer is appropriate") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)); *Packer*, 728 F. Supp. at 12 ("Courts are in agreement that a district where plaintiff's action 'might have been brought' is one that has subject matter jurisdiction, as well as one in which venue is proper and defendants are amenable to service of process.  To bar transfer of a case to a district where venue and jurisdiction are proper, simply because the action is time-barred in that district, would merely encourage forum shopping.") (internal citation omitted).

---

[1] Plaintiffs' reliance on *Mills v. Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8 (D.C. 1986), is misplaced since that case relates to *forum non conveniens*, not a § 1404(a) transfer.

Furthermore, plaintiffs' argument regarding the Virginia statute of limitations has already been considered and rejected by this Court.  *See Marshall*, 856 F. Supp. 2d at 109 (transferring case from D.C. to New York despite the fact that statute of limitations under New York law had run because the law of the transferor state governs in cases transferred for convenience pursuant to § 1404(a) and so the D.C. statute of limitations would apply).

Accordingly, for the above reasons defendants' motion to transfer to the Western District of Virginia is **GRANTED** and the Clerk of the Court is directed to transfer this action to that jurisdiction forthwith.  Given this resolution, the defendants' motion to dismiss is **DENIED AS MOOT** since it will be addressed by the transferee court.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 19, 2013